IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HAROLD DAVID IVEN, | Case No. 3:14-cv-01965-SI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| PROVIDENCE HEALTH & SERVICES, | |
| Defendant. | |

Justin Steffen, STEFFEN LEGAL SERVICES, LLC, 2027 S.E. Jefferson Street, Suite 205, Milwaukie, OR 97222. Attorney for Plaintiff.

Jeffrey J. Druckman and Janine C. Blatt, DRUCKMAN & BLATT, P.C., 0424 S.W. Iowa Street, Portland, OR 97239. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Harold David Iven ("Iven") brings claims against Defendant Providence Health & Services ("Providence") under the federal Americans with Disabilities Act ("ADA") and state counterparts. Providence moves to dismiss Iven's claims, arguing that the state-law claims are time-barred and that the Court lacks subject-matter jurisdiction over the ADA claims because Iven failed to exhaust his administrative remedies. Iven does not oppose dismissal of his state-

PAGE 1 – OPINION AND ORDER

law claims, but argues that the ADA does not require that he exhaust administrative remedies before filing suit. For the reasons below, the Court grants Providence's motion.

## STANDARDS

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

For purposes of this motion, Providence does not challenge the substance of Iven's allegations. The Court therefore accepts Iven's allegations as true. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

Providence employed Plaintiff Harold David Iven as a shuttle bus driver for approximately 20 years, from 1992 until late 2012. In June 2012, Providence notified Iven that his driving position would be eliminated as of August 2012. From August through November 2012, Iven worked in a different department of Providence as a housekeeper.

PAGE 2 – OPINION AND ORDER

Because of Iven's medical condition, he must take frequent meal and restroom breaks. Although his position as a shuttle driver accommodated these needs, his position as a housekeeper did not. Iven's supervisors at Providence denied his requests for additional breaks, and his performance as a housekeeper suffered as a result. Iven subsequently received warnings for his failure to comply with Providence's time-management policies. Providence did not act on Iven's request for a different driving position and ultimately terminated his employment in November 2012.

Iven took no action against Providence regarding the termination of his employment until November 12, 2014, when he filed his original complaint in Multnomah County Circuit Court. On November 24, 2014, Iven amended his complaint to include federal ADA claims, and Providence timely removed the case to this Court on December 9, 2014.

## DISCUSSION

The ADA prohibits various forms of workplace discrimination against individuals with disabilities. 42 U.S.C. § 12112. To bring a claim for violation of the ADA, a plaintiff must comply with the procedural requirements of Title VII. *See* § 12117 (adopting the Title VII remedial procedures set forth in 42 U.S.C § 2000e-5). The Ninth Circuit has expressly held that these Title VII procedures require the exhaustion of administrative remedies before a court acquires subject-matter jurisdiction. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2004); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

Iven concedes that he did not pursue any administrative remedies. He argues, however, that the ADA does not expressly require exhaustion and that courts therefore have discretion to decide whether exhaustion is required on a case-by-case basis using a fact-intensive inquiry. He contends that he suffers from intellectual and learning disabilities that prevented him from exhausting his administrative remedies.

PAGE 3 – OPINION AND ORDER

Whether or not the ADA expressly requires exhaustion, it does expressly adopt the remedial procedures of § 2000e-5. And the Ninth Circuit has unequivocally interpreted § 2000e-5 to require a plaintiff to exhaust his administrative remedies before filing suit. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003); *see also Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ("[T]he ADA adopts the procedural requirements of Title VII, including the EEOC filing requirement . . . ."), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176 (9th Cir. 2001). The Ninth Circuit's interpretation is binding on this Court.

Because Iven did not exhaust his administrative remedies, the Court does not have subject-matter jurisdiction over his ADA claims. At this point, Iven cannot meet the timing requirement for filing a complaint with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). Accordingly, his claims must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Providence's Motion to Dismiss (Dkt. 6) and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge